Moriarty, Cornelius J., J.
The matter is before this Court on the motion of the plaintiff, Andy Rodenhiser Plumbing and Heating, Inc. (ARP&H) for a preliminary injunction. ARP&H argues that the defendant, Brian Benson (Benson), a former employee, violated the terms of a non-competition agreement signed by Benson at the time of his employment at ARP&H. ARP&H asks this Court to further enjoin Benson from further violating the terms of his agreement.
Benson opposes the request and counters that ARP&H’s agreement was not supported by consideration, that the agreement does not protect a legitimate business interest of ARP&H, that it is unreasonable in scope and that the requirements for a preliminary injunction have not been met.
After hearing and for the following reasons, the motion is ALLOWED in part.
BACKGROUND
ARP&H is in the plumbing and heating business. Benson, a plumber, had formerly owned his own business, Medñeld Plumbing and Heating. In June 2005, Benson decided that he no longer wanted to own his own business. He approached Andrew S. Rodenhiser (Rodenhiser) and asked if ARP&H would be interested in purchasing his business and hiring him on as a plumber. Rodenhiser, on behalf of ARP&H, agreed to hire Benson as a lead technician and to purchase the assets of his business which included a phone line, a truck and the goodwill of the business
While employed at ARP&H Benson was assigned customers, evaluated their plumbing and heating requirements, prepared estimates and performed the agreed upon work. He was not involved in the solicitation of any new business.
When Benson commenced employment with ARP&H, the Asset Purchase Agreement contemplated by the parties had not yet been executed. Benson had however been provided with a draft of the agreement which referenced a Non-Compete and Confidentiality Agreement. I find that as a condition of his employment and under the terms of the Asset Purchase Agreement, Benson was required to sign the Non-Compete Agreement, which he did in July 2005.
In August 2008, Benson advised Rodenhiser he was dissatisfied with his pay and, he alleges, tendered his resignation. It was apparently not accepted as he was given a raise and stayed for two additional years. In August 2010, dissatisfied with his working environment, Benson decided to resign. Shortly thereafter he went to work as a plumber and heating technician for the co-defendant, Robert Wagner Plumbing Heating and Cooling, Inc. (Wagner). Benson performs roughly the same work at Wagner as he did at ARP&H. This action ensued.
DISCUSSION
To obtain a preliminary injunction ARP&H must prove that it has (1) a reasonable likelihood of success on the merits, (2) that it will suffer irreparable harm if not granted and (3) that the harm it suffers will *465 outweigh the injury to Benson. Packaging Indus. Group v. Cheney, 380 Mass. 609, 616-17 (1980). The requirements are addressed in turn.
(a) Likelihood of Success on the Merits
A covenant not to compete is enforceable only if it is necessary to protect a legitimate business interest, reasonably limited in time and space and consonant with the public interest. Marine Contractors Co. v. Hurley, 365 Mass. 280, 287-88 (1974). In the case of the sale of a business, a covenant not to compete is viewed less critically because it does not implicate an individual’s right to employment to the same degree as in the employment context. Alexander & Alexander, Inc. v. Danahy, 21 Mass.App.Ct. 488 (1996).
Legitimate business interests include protection of trade secrets, confidential information and good will. Marine Contractors at 287. However, a covenant not to compete designed to protect a party from ordinary competition does not protect a legitimate business interest.
The goodwill factor here is not insubstantial. ARP&H paid Benson for his business and the goodwill of that business. Goodwill has been defined as the positive reputation of an employer in the eyes of its customers or potential customers. ARP&H employed Benson to service those clients and generate goodwill for ARP&H. That goodwill belongs to ARP&H.
The time and geographic area covered by the covenant must also be reasonable. The three-year time limitation here in issue is reasonable and will be enforced. However, the fifty-mile geographic limitation is another matter. I am unpersuaded that such a restriction is reasonable.
Irreparable Harm
Irreparable harm occurs when a loss of rights cannot be remedied by payment of money damages. The loss of goodwill has been recognized as an element of damages not easily quantifiable and accordingly I find that ARP&H is in jeopardy of irreparable harm.
Balancing of Harms
Injunctive relief will cause substantial hardship to Benson. He has been actively engaged as a plumber since and would have to cease working and re-locate in order to resume his usual occupation. The hardship is compounded by virtue of the fact that he is the sole support of a 21-year-old autistic son. Because of the potential hardship to Benson, while recognizing ARP&H’s legitimate interest in its goodwill, this Court will exercise its discretion and modify the equitable relief requested by ARP&H.
Accordingly, for the foregoing reasons it is hereby ordered that the defendant is preliminarily enjoined until October 20, 2013 from:
1.With respect to any entities or individuals with whom he did business as Medfield Plumbing & Heating or while employed at ARP&H, directly or indirectly, (a) soliciting any business or (b) providing any product or services.
2. Using any confidential or proprietary information belonging to ARP&H; and,
3. Copying or retaining any records or materials of ARP&H.